| UNITED STATES BANKRUPTCY COURT | Hearing Date: 9/14/16 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

-----------------------------------------------------------X

In re:  Chapter 11
 Case No. 15-23686-rdd

THE CHALLAH FAIRY, INC.,

                        Debtor.

-----------------------------------------------------------X

## OPPOSITION TO DEBTOR'S MOTION TO EXTEND THE TIME FOR SMALL BUSINESS CHAPTER 11 PLAN TO BE FILED

**TO THE HON. ROBERT D. DRAIN – U.S. BANKRUPTCY JUDGE :**

      Ernie Fromen, Rose Fromen and Simi Rubenstein (the "Creditors") opposing the application of The Challah Fairy, Inc. (the "Debtor") to extend the time to file a Chapter 11 Plan, respectfully shows and represents:

      1.     The Debtor filed a Chapter 11 proceeding with this Court on November 23, 2015. Concurrently with the filing of this case, Hannah Fischer ("Fischer") also filed a Chapter 11 petition (15-23687).

      2.     The Debtor has remained in possession of its assets. No Committee or Trustee has been appointed in this case; however, by Order of this Court entered April 4, 2016, an Examiner has been appointed (Docket 28).

      3.     Despite the terms of the Order appointing the Examiner, which directed that the Examiner investigate and concisely report "on the sources and uses of the Debtor's cash and assets, both currently and during the last six years, and potentially avoidable transfers by the Debtor," the Examiner's report dated July 18, 2016 (Docket 35), basically reiterated the objection of the Creditors contained in the statement of the Creditors in support of the Motion filed by the U.S. Trustee to appoint a trustee (Docket 18). The

1

Examiner's report only confirmed the Creditors' belief that the Debtor's business records are inadequate.

4. Additionally, the Order appointing the Examiner (Docket 28) contemplated that the Examiner "shall prepare and file the Debtor's monthly operating reports; provided that the Debtor and the principal shall fully cooperate with the examiner to facilitate such work."

5. As of the date of this opposition, only two operating reports have been filed; a report for May, 2016 (Doc. 38); and a report for June, 2016 (Doc. 39).

6. As a result, the Creditors have been left without any financial information from this Debtor since the date of filing through May, 2016, and only have the Examiner's report confirming that the Debtor had continued to operate as she had prior to the filing, as she was doing at the time of the request by the Office of the U.S. Trustee to appoint a Trustee (Docket 18) and apparently continues to do so to date.

7. Now that the Debtor is asking for an additional six months. It is impossible for the Creditors to evaluate this case, and the Creditors firmly believe that the financial manipulation of the assets of the Debtor continue. The Creditors have no way to confirm the likelihood of success of reorganization or the general direction of this case without the transparency contemplated in any bankruptcy proceeding.

8. In the related case of Hannah Fischer (15-23687), the issues are more egregious.

9. Not only was the Examiner appointed in that case in response to the U.S. Trustee's request for the appointment of a Trustee, which the Creditors supported (Docket

37), but the exception of the Examiner's report (Docket 45) (which was a joint report for both cases), no operating statements have been filed since the inception of this case.

10. The Creditors have consistently maintained that the Debtor and Hannah Fischer are not separating their financial affairs, have diverted funds to their own use, and have misused the Debtor's assets to the detriment of the Creditors and to all of the creditors of this estate.

11. It is apparent from the Examiner's report that there remains a failure to give the Court and the Creditors full disclosure. The Debtor and its principal should not be permitted to abuse the process any longer.

12. This concern is compounded by bragging on social media about large catering jobs and the expansion of the business. The Creditors have seen the Challah Fairy products in many Kosher stores in the immediate area, and believes that the Debtor continues to expand the retail and wholesale market throughout the New York metropolitan area.

**WHEREFORE**, it is respectfully prayed that this Court deny the application to extend the time to file a Chapter 11 Plan in this small business case, together with such other and further relief as to the Court may seem just and proper.

Dated:  New City, New York
September 9, 2016

ELIZABETH A. HAAS, ESQ., PLLC
Attorney for Ernie Fromen,
Rose Fromen and Simi Rubenstein

_____
ELIZABETH A. HAAS, ESQ.
254 So. Main Street, Suite 302
New City, N.Y. 10956-3363
(845) 708-0340

t:\fromen\opp to motion to extend time to file plan.doc